The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Building Little Rock, AR 72201-1094
Dear Secretary McCuen:
You have requested an opinion under the authority granted in Initiated Act 1 of 1988 which is cited as "The Disclosure Act for Lobbyists and State Officials". You have asked several questions which I will restate and answer in the order listed in your letter.
Your first question is as follows:
 Is the registered lobbyist required under the Act to disclose his or her lobbyist income on the lobbyist activity report?
Section 21-8-604 of the Initiated Act 1 of 1988 provides in part:
 The report shall contain: (a) the total of all expenditures made or incurred by the registered lobbyist or on behalf of the registered lobbyist by his or her employer during the preceding period.
It is my opinion that income paid to the lobbyist by his employer or principal is not required to be disclosed in the lobbyist activity report. It is my interpretation that expenditures made by lobbyists or their employers which benefit public officials or legislators are those required to be disclosed. The legislation is designed to make known to the public expenditures which have the potential for influencing legislative action or public action. Since the income paid to a lobbyist does not in any way benefit the object of the lobbying effort, I am of the opinion that this is not "an expenditure made or incurred by the registered lobbyist or on behalf of the registered lobbyist by his or her employer". In addition 21-8-604 of Initiated Act 1 of 1988 specifically outlines expenditures to be itemized and this section does not list lobbyist compensation as a reportable item. Had the drafters of the Act intended lobbyist compensation to be reportable, I am of the opinion that such requirement would have been made manifest by the drafters. Moreover, in the 1989 legislative session an unsuccessful effort was made in the House of Representatives to amend Initiated Act 1 of 1988 so as to require disclosure of compensation paid to lobbyists (H.B. 1004 and H.B. 1005). Both of these failed measures are further evidence that Initiated Act 1 of 1988 does not require disclosure of the compensation paid to lobbyists.
Your next question is as follows:
 Several entities other than individuals have registered. If that entity employs an individual to lobby for them is that expenditure required to be reported on their lobbyist activity report?
I am of the opinion that this question should be answered in the negative for the same reasons and under the same authority cited in the preceding opinion to your first question. If the individual employed by the lobbyist entity is a lobbyist also, whatever compensation paid to the individual would not be disclosable in the lobbyist activity report filed by the lobbyist entity. You should note that if the entity's only act of lobbying is to reimburse a registered lobbyist, then no registration or report need be filed,21-8-601(a)(3)(a).
Your next question is as follows:
 If the answer is yes (to the above question), is it required that the name of the individual hired by the lobbyist entity be disclosed?
If a registered lobbyist entity engaged an individual to lobby for the entity, there is no requirement to disclose the amount of compensation paid to the individual. It is my opinion that there is no requirement that the registered entity disclose the name of the individual. If the individual is engaged in lobbying activities, however, and not subject to any of the exceptions which dispense with registration, the individual would himself have to register as a lobbyist and disclose the principal for whom the individual is lobbying. Section 21-8-604(a) of Initiated Act 1 of 1988 provides in part:
 These totals shall be itemized according to financial category and employers and clients.
I interpret this section to mandate disclosure by registered lobbyists of the entity or the individuals for whom they are employed as a lobbyist.
Your next question is as follows:
 If you determine that any of the above-mentioned expenditures should be disclosed, where on the forms should they include the information?
Since the referenced expenditures are not required to be disclosed, no space need be made available on the disclosure form for these items.
Your next question number 2 is as follows:
 If a registered lobbyist within a reporting period fails to expend any money on lobbying, should they file an activity report disclosing that no monies have been spent, no loans have been made and direct business associations and partnerships have been formed?
Section 21-8-603(a)(1) provides:
 Within fifteen (15) days after the end of each calendar quarter, each registered lobbyist shall (emphasis supplied) file a complete and detailed statement, signed and sworn to, concerning his or her lobbying activities during the previous calendar quarter.
In my opinion the mandatory nature of this section would demand that a lobbyist activity report be filed even though no monies were expended nor any of the other activities engaged in, which are required to be disclosed by the Act.
Your next question number 3 is as follows:
 The Act requires that this office issue a certificate of registration to each registered lobbyist. This is accomplished by completion of the lobbyist registration form by the individual desiring to register and the issuance of a driver's licensed size lobbyist card which contains the registered lobbyist's name, registration number and picture.
 If a person refuses to either complete all portions of the registration form or have their picture taken or submit a picture of themselves appropriate for use thereby making the registration process incomplete, should this office refuse to register the person until they comply with all requirements?
Section 21-8-601(a)(1) provides in part:
 A lobbyist shall register within five (5) days after beginning lobbying.
The law mandates that the Secretary of State provide forms approved by the Attorney General for registration. There is very little guidance contained within Initiated Act 1 of 1988 relative to the design and style of the forms. It is my opinion that the legislation has vested with the Secretary of State considerable discretion in the tailoring and designing of the registration forms as well as the lobbyist card. However, I do not believe registration could be denied a person solely on the basis that he or she does not desire to submit a photograph. If an applicant for registration substantially fails to complete other portions of the form, then I believe registration could be denied. This, of necessity, must be determined on a case by case basis.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Bill McLean.
Sincerely,
STEVE CLARK Attorney General
SC:gks